THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **TILDEN B. LINKER** : <br> 1530 S. SMITHVILLE RD. : <br> DAYTON, OH 45410 : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> **THE CONNOR GROUP** : <br> 10510 N. SPRINGBORO PIKE, : <br> MIAMISBURG, OH 45342 : <br> : <br> Defendant. : <br> : <br> : | **Case No.** 17-cv-65 <br><br> **Judge** <br><br> **COMPLAINT** <br><br> **Jury Demand Endorsed Herein** |

## COMPLAINT

NOW COMES Plaintiff Tilden Linker ("Plaintiff") and proffers this Complaint for damages against The Connor Group, LLC ("Defendant").

## THE PARTIES

1. Plaintiff Tilden Linker is a natural person residing in Ohio.

2. Defendant The Connor Group is a Limited Liability Corporation doing business in the Southern District of Ohio.

3. Plaintiff is an "eligible employee" as defined by the Family and Medical Leave Act, 29 U.S.C. § 2611(2).

4. Plaintiff is an "employee" as that term is defined under the Family and Medical Leave Act ("FMLA").

1

5. Plaintiff is an "employee" as the term is defined under Ohio Revised Code 4112.

6. Defendant is an "employer" as defined by 29 U.S.C. § 2611(4)(A) of the FMLA.

7. At all times relevant herein, Defendant was engaged in commerce or an industry or activity affecting commerce, and employed 50 or more employees for each working day during each of 20 or more calendar workweeks at all times during Plaintiff's employment.

**JURISDICTION AND VENUE**

8. This action is brought pursuant to the FMLA and O.R.C. 4112.

9. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiff's claims arising under the law of the United States.

10. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

11. Venue is proper pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and performed his job duties there and Defendant is doing substantial business in the Southern District of Ohio.

**FACTUAL BACKGROUND**

12. Plaintiff began his employment at Defendant on or January 20, 2015. Plaintiff worked as a Customer Service Representative throughout his employment.

13. More than fifteen (15) years prior to his employment at Defendant, Plaintiff experienced a catastrophic incident, which required major surgery to his right hip with the use of screws to repair.

14. In the years that followed Plaintiff's major surgery to his right hip, Plaintiff visited a physician on a number of occasions regarding his right hip. Plaintiff developed posttraumatic right hip osteoarthritis in his right hip.

15. During the first year of his employment at Defendant, Plaintiff had to miss work for medical reasons. In December 2015, Plaintiff had surgery for a full hip replacement due to a fractured femoral that needed replaced and to relieve the pain from his osteoarthritis, requiring Plaintiff to stay the night in the hospital. Plaintiff missed several weeks of work due to his surgery. Plaintiff notified and received approval from his supervisor regarding the days he missed work due to his surgery and recovery.

16. Plaintiff returned to work for Defendant on or about January 19, 2016. Plaintiff's physician released Plaintiff to work at his request, though, the physician warned Plaintiff that he may need additional time to recover because hip replacements often take longer to recover from than the time Plaintiff took off work.

17. Upon returning to work, Plaintiff worked several weeks, but experienced pain in his hip after sitting for prolonged periods of time due to his hip replacement surgery.

18. On or about February 29, 2016, Plaintiff requested some additional time off from work from his supervisor. Specifically, Plaintiff asked his supervisor if he could use any type of leave for his hip pain, including leave under the "FMLA." Plaintiff needed this time off work to recover from his hip replacement surgery.

19. Plaintiff's supervisor responded to his request by stating that she would have to check with human resources.

20. On or about March 10, 2016, Plaintiff followed up with his supervisor because he had not received any information regarding his request.

21. Four days later, on or about March 14, 2016, Plaintiff followed up with his supervisor once again, requesting that his supervisor provide him information regarding his request to take leave under the FMLA. Plaintiff informed his supervisor that he had not heard anything.

22. Plaintiff's supervisor finally responded by informing Plaintiff that he needed to contact Wendy Green in Defendant's payroll department. Plaintiff attempted to contact Ms. Green approximately six times thereafter, leaving messages indicating that he wanted to see his options for a leave of absences, such as FMLA, sick days, or paid time off. Plaintiff finally reached Ms. Green about his request for a leave of absence. Plaintiff informed Ms. Green that his request for leave was as a result of his physical and mental problems due to his hip surgery and recovery. Ms. Green responded by stating she was unaware of Plaintiff's previous requests for leave, and that she would look into his situation.

23. In an April 6, 2016 letter, Defendant allegedly terminated Plaintiff's "employment for excessive absenteeism." Defendant indicated that Plaintiff's "absences during the January 20, 2015 through January 19, 2016 time-frame did not qualify for Family Medical and Leave [sic] as [he] had not been here for twelve consecutive months immediately preceding those absences." Defendant also indicated that the "absences [Plaintiff] had since January 20, 2016, do not qualify for Family and Medical Leave as the

reason for those absences is not one covered under the Family Medical and Leave Act [sic]."

## COUNT I
**Retaliation - Violation of the Family Medical Leave Act**

24. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

25. Plaintiff is an "eligible employee" as defined by 29 U.S.C. § 2611(2).

26. Defendant is an "employer" as defined by 29 U.S.C. § 2611(4)(A).

27. Plaintiff specifically requested FMLA leave in close proximity to his termination. Plaintiff also was terminated after requesting to take "FMLA" leave, yet was never terminated, or even told that there was an issue with his absences, when he took previous medical leave for non-FMLA qualifying reasons.

28. Plaintiff did not take more than 12 weeks of FMLA leave.

29. Plaintiff suffered an adverse employment action when Defendant terminated him from his position in retaliation for him requesting to take FMLA leave and leave that qualifies for FMLA protection.

30. Defendant violated the FMLA by retaliating against Plaintiff by terminating him from his position after he requested to take FMLA leave and leave that should have been designated FMLA leave.

31. Defendant lacked good faith and/or reasonable grounds to believe that it had not violated the FMLA in its discharge of Plaintiff.

32. Defendant's violations of the FMLA entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory

liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

## COUNT II
### Interference - Violation of the Family Medical Leave Act

50. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

51. Plaintiff was an eligible employee under the FMLA when he requested to take off work to recover from his hip surgery on or about February 29, 2016, because he had worked more than one thousand two hundred and fifty hours (1,250) for Defendant prior to that date and Defendant employed Plaintiff for more than twelve (12) months prior to that date.

52. Defendant knew or should have known that Plaintiff's request for time off work qualified for FMLA leave. Nevertheless, Defendant never provided Plaintiff the required notice under the FMLA as to whether Plaintiff qualified for leave under the FMLA and, if not, for what reason(s) he did not qualify. Nor did Defendant provide Plaintiff the required notice under the FMLA regarding Plaintiff's rights and responsibilities under the FMLA, such as Plaintiff's right to be restored to his same or equivalent position upon his return leave under the FMLA.

53. Defendant interfered with Plaintiff's FMLA rights by failing to provide him the required notices under the FMLA. Defendant also interfered with Plaintiff's FMLA rights by not affording him the job-protected leave he was entitled, as he was terminated for the work he missed while he was recovering from his hip replacement and receiving continuing treatment, which is a FMLA qualifying event entitling him to job-protected leave under the FMLA.

54. Defendant interfered with Plaintiff's FMLA rights by not affording him the job-protected leave he was entitled.

55. Defendant lacked good faith and/or reasonable grounds to believe they had not violated the FMLA in its discharge of Plaintiff.

56. Defendant's violations of the FMLA entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

## COUNT III
### Disability Discrimination - R.C. §4112.02

57. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

58. Plaintiff's hip condition was a "disability" under R.C. § 4112.02 as it is a physical condition that substantially limits Plaintiff's ability to stoop, sit for prolonged period of time, climb stairs, and work for certain periods of time.

59. At the time his employment was terminated, Plaintiff could perform the essential functions of his job with or without a reasonable accommodation.

60. Plaintiff's disability was a determining factor in Defendant's decision to terminate Plaintiff's employment.

61. Defendant further discriminated against Plaintiff by failing to engage in with him in the requisite "interactive process." Plaintiff made Defendant aware of his need for assistance with his job requirements due to his medical issue, but Defendant failed to engage in the interactive process in good faith with Plaintiff to determine whether a reasonable accommodation was possible.

62. Plaintiff, in notifying Defendant that he needed time off work due to his hip condition, requested a reasonable accommodation. This accommodation was reasonable and could have been made by Defendant without undue hardship.

63. Defendant's conduct violated O.R.C. § 4112.02. Defendant discriminated against Plaintiff by terminating him on the basis of his disability and in retaliation for requesting a reasonable accommodation.

64. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered severe emotional and psychological distress, embarrassment, humiliation, lost wages and benefits, attorneys' fees, and other economic damages in excess of $25,000.00.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, and compensatory damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)
**GIBSON LAW, LLC**
9200 Montgomery, Rd., Suite 11A
Cincinnati, OH 45242
(brad@gibsonemploymentlaw.com)
513-834-8254 (Phone)

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

                                                /s/ Bradley L. Gibson
                                                Bradley L. Gibson (0085196)