**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **TILDEN B. LINKER** | : | Case No. 3:17-cv-00027-TMR |
| | : | |
| Plaintiff, | : | (JUDGE THOMAS M. ROSE) |
| | : | |
| **v.** | : | |
| | : | **ANSWER OF DEFENDANT:** |
| **THE CONNOR GROUP** | : | **JURY DEMAND ENDORSED HEREON** |
| | : | |
| Defendant. | : | |

In response to the numbered allegations contained within Plaintiff's Complaint, Defendant generally denies all allegations not specifically admitted herein, and otherwise answers as follows:

1.      Admitted.

2.      Admitted that The Connor Group, A Real Estate Investment Firm, LLC, is a limited liability company doing business in the Southern District of Ohio, sometimes as The Connor Group.  Otherwise, denied.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Admitted that Defendant is "an employer" under the FMLA as to its employees.  Denied as to Plaintiff.

7.     Admitted that at all relevant times herein, Defendant was engaged in commerce or an industry or activity affecting commerce, and employed 50 or more employees for each workweek.  Otherwise denied.

8.     Admitted that Plaintiff seeks to bring this action under the statutes cited.

9.     Admitted that this Court has original jurisdiction over Plaintiff's FMLA claim. Otherwise, denied.

10.    Admitted that this Court may exercise supplemental jurisdiction over Plaintiff's Ohio statutory claim, but denied that it should do so.

11.    Admitted that venue is proper in this Court.

12.    Denied.

13.    Denied.

14.    Denied for lack of knowledge.

15.    Denied for lack of knowledge as to the second sentence.   Other allegations are argumentative and premised on previously denied allegations, and are denied on that basis.  Otherwise, denied.

16.    Admitted that Plaintiff was released to return to work as alleged.  Denied for lack of knowledge as to the remainder of the second sentence.   Other allegations are argumentative and premised on previously denied allegations, and are denied on that basis.  Otherwise, denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Admitted that Plaintiff attempted to contact Wendy Green about the possibility of obtaining leave for personal reasons that did not qualify for FMLA leave. Otherwise, denied.

23.    Admitted that Plaintiff was sent a termination letter on behalf of his employer and that such letter speaks for itself. Otherwise, denied.

24.    Defendant incorporates by reference the remainder of its Answer as if fully restated herein.

25.    Denied.

26.    Admitted that Defendant is "an employer" under the FMLA as to its employees. Denied as to Plaintiff.

27.    Denied to the extent that Plaintiff's allegations are ambiguous, argumentative and incomprehensible. Otherwise, denied.

28.    Admitted.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

50.    Defendant incorporates by reference the remainder of its Answer as if fully restated herein.

51.    Denied.

52.    Denied.

53.    Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Defendant incorporates by reference the remainder of its Answer as if fully restated herein.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff has failed to join a party required to be joined under Rule 19.

## THIRD DEFENSE

Any actions taken by Defendant were for legitimate, non-discriminatory reasons unrelated to Plaintiff's alleged disability or alleged assertion of FMLA rights.

## FOURTH DEFENSE

Any actions taken by Defendant were for good cause.

## FIFTH DEFENSE

Any actions taken by Defendant were taken in good faith reliance on agency or court interpretations.

## SIXTH DEFENSE

Plaintiff's claims are barred because he did not have a qualifying heath condition or disability under applicable laws.

## SEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff did not reasonably place Defendant on notice that he had, or needed leave because of, a qualifying health condition or disability under applicable laws, and affirmatively led Defendant to believe that he was requesting leave and missing work for other non-qualifying reasons.

## EIGHTH DEFENSE

Plaintiff is barred from recovering punitive damages because Defendant did not act with the requisite degree of intent or indifference.

## NINTH DEFENSE

Plaintiff is barred from recovering liquidated damages because Defendant at all times acted in good faith with reasonable grounds to believe that it was not acting in violation of the law.

## TENTH DEFENSE

An award of punitive damages is inappropriate in this case because it would violate the due process guarantees of the Constitutions of the United States and the State of Ohio.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as a result of his failure to mitigate and/or minimize his damages.

## TWELFTH DEFENSE

Plaintiff's claims are barred due to his own misconduct.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred due to fraud.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by estoppel.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred under the doctrine of unclean hands.

## SIXTEENTH DEFENSE

Plaintiff's clams are barred by waiver.

## SEVENTEENTH DEFENSE

Plaintiff's clams are barred because he would have been terminated for his unprotected absences and related conduct even if some of his absences could have been protected under FMLA or discrimination laws.

## EIGHTEENTH DEFENSE

Defendant is entitled to a setoff against Plaintiff's claims because of overpayments to Plaintiff.

**WHEREFORE**, Defendant demands that Plaintiff's Compliant be dismissed with prejudice at Plaintiff's cost, that Defendant be awarded its reasonable attorney's fees and expenses, and that this Court grant to Defendant such other and further relief as it deems just and appropriate.

Respectfully submitted,

s/Stephen A. Watring
Stephen A. Watring (0007761)
Matthew J. Bakota (0079830)
DUNLEVEY, MAHAN & FURRY
110 North Main Street, Suite 1000
Dayton, Ohio 45402
Ph: (937) 223-6003/Fax: (937) 223-8550
Email: saw@dmfdayton.com;
mjb@dmfdayton.com
*Attorneys for Defendant*

## JURY DEMAND

Defendant demands a trial by jury as to all issues so triable.

s/Stephen A. Watring
Stephen A. Watring (0007761)

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2017, a copy of foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

s/Stephen A. Watring
Stephen A. Watring (0007761)
