**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **TILDEN B. LINKER** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 3:17-cv-00027** |
| | : | |
| v. | : | **District Judge Thomas M. Rose** |
| | : | |
| **THE CONNOR GROUP** | : | **JOINT DISCOVERY PLAN** |
| | : | **RULE 26(F) REPORT OF** |
| **Defendant.** | : | **THE PARTIES** |
| | : | |

1.  Pursuant to Fed. R. Civ. P. 26(f), the required conference was held on May 9, 2017 at 11:30AM and was attended by:


Bradley L. Gibson                         counsel for plaintiff Tilden B. Linker


Matthew J. Bakota                          , co-counsel for defendant The Connor Group.

____    have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

  X    will exchange such disclosures by June 1, 2017.

____    are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

2.  The parties:

  X    unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

____    do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

____    unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

3.     Recommended cut-off date for filing of motions directed to the pleadings:

       July 15, 2017.

4.     Recommended cut-off date for filing any motion to amend the pleadings and/or to
       add additional parties:  July 1, 2017.

5.     Recommended discovery plan:

       a.   Describe the subjects on which discovery is to be sought and the nature, extent
       and scope of discovery that each party needs to: (1) make a settlement evaluation,
       (2) prepare for case dispositive motions and (3) prepare for trial:

       The Parties anticipate both written discovery and depositions related to all claims and
       defenses in this action.  Such discovery will include, but not be limited to, that related
       to Plaintiff's medical history and alleged medical conditions that form the bases of his
       claims.  The parties currently anticipate the need for Plaintiff to execute HIPAA-
       compliant medical authorizations, which defense counsel will provide, and for
       depositions of certain of Plaintiff's medical providers.

       b.   What changes should be made, if any, in the limitations on discovery imposed
       under the Federal Rules of Civil Procedure or the local rules of this Court, including
       the limitations to 40 interrogatories/requests for admissions and the limitation of 10
       depositions, each lasting no more than one day consisting of seven (7) hours?

       The Parties recognize that depending on what facts are presented during discovery, the
       Parties may agree to allow more than 10 depositions with regard to Plaintiff's medical
       history and the alleged medical conditions that for the bases of his claims.

       c.   Additional recommended limitations on discovery:

       None.

       d.   Recommended date for disclosure of lay witnesses.

       August 1, 2017.

e.  Describe the areas in which expert testimony is expected and indicate whether each expert has been or will be specifically retained within the meaning of Fed Civ. Procedure 26(a)(2).

The Parties recognize that discovery will be conducted related to Plaintiff's medical conditions.  Defendant contends that such discovery will likely require, but not necessarily limited to, an independent medical evaluation (IME) and an independent medical records review, though Plaintiff will likely object if such expert discovery is sought.

f.  Recommended date for making primary expert designations:

Plaintiff – August 15, 2017; Defendant – September 29, 2017.

g.  Recommended date for making rebuttal expert designations:

Plaintiff – October 13, 2017; Defendant – October 27, 2017

h.  The parties have electronically stored information in the following formats:

The Parties both have email communications.  Plaintiff's medical providers likely maintain electronic medical records, some of which Plaintiff and/or his counsel may already have in their possession.  Defendant has materials related to Plaintiff's employment with Defendant.  Plaintiff believes there are text messages that are relevant to his allegations in this case; however, the Parties recognized that if text messages exist, their availability for purposes of discovery in this case may be limited if they occurred through the personal electronic devices of employees and/or former employees of Defendant and, therefore, are not within Defendant's possession, custody, or control.

The case presents the following issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

The Parties will produce information in the form requested.  If no form is specified, document productions may be made via Adobe PDF file with pages consecutively bates stamped, for purposes of identification.  The Parties agree to avoid document productions in hard copy form to the extent feasible.

**i.** The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials:**

Defendant has both in-house counsel and outside counsel and intends to preserve and assert the attorney-client privilege and attorney work product protection as appropriate.

_____

Have the parties agreed on a procedure to assert such claims **AFTER** production?

_____ No

___X___ Yes (consistent with Federal Rules)

_____ Yes, and the parties ask that the Court include their agreement in an order.

    j. Recommended discovery cut-off date: February 1, 2018

6. Recommended dispositive motion date: March 15, 2018.

7. Recommended date for status conference (if any): None

8. Suggestions as to type and timing of efforts at Alternative Dispute Resolution:

    None at this time, but will follow-up if needed.

9. Recommended date for a final pretrial conference: June 1, 2018.

10. Has a settlement demand been made? Yes response? Yes

    Date by which a settlement demand can be made: 

    Date by which a response can be made:

11.    Other matters pertinent to scheduling or management of this litigation:

None at this time. _____

_____


Signatures:

Attorney for Plaintiff:                         Attorneys for Defendant:


/s/ Bradley L. Gibson                          /s/ Matthew J. Bakota
_____          _____
Bradley L. Gibson (0085196)                  Stephen A. Watring (0007761), Trial Attorney
Gibson Law, LLC                              Matthew J. Bakota, Ohio Bar (0079830)
9200 Montgomery Road, Suite 11A              Auman, Mahan & Furry
Cincinnati, Ohio 45242                       110 North Main Street, Suite 1000
Phone: (513) 834-8254                        Dayton, OH 45402
Fax: (513) 834-8253                          Phone: (937) 223-6003
brad@gibsonemploymentlaw.com                 Fax: (937) 223-8550
                                             saw@amfdayton.com
                                             mjb@amfdayton.com